UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Case No. 1:24-cv-02823-ABJ

Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)

Introduction:

Defendants Zebader Tesema and Mulu Tasew respectfully request that this Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff's Complaint lacks sufficient factual and legal grounds to hold Defendants liable, as they acted in good faith, fulfilled their obligations as landlords, and were unaware of any illegal conduct by their tenant, Hotbox DC LLC.

Argument

Plaintiff's Complaint Fails to Establish a Valid Legal Claim

Plaintiff alleges that Defendants knowingly leased their property at 5117 Georgia Avenue NW, Washington, DC to facilitate illegal cannabis sales, thereby causing harm to licensed cannabis businesses. However, the Complaint fails to present any factual basis or legal grounds to demonstrate that Defendants were aware of or involved in any illegal activities. Defendants entered the lease in good faith, based on representations from the tenant and proper business documentation.

Defendants' Lease Agreement Required Full Licensing Compliance

The lease agreement between Defendants and the tenant included a provision explicitly requiring the tenant to obtain all necessary business licenses prior to commencing operations. This requirement underscores Defendants' commitment to lawful operations on the premises and demonstrates that Defendants took steps to ensure compliance with applicable laws.

Defendants Relied in Good Faith on Tenant's Licensing Documentation

Prior to allowing the tenant to begin operations, Defendants received and reviewed the tenant's general business license (License No. 400323001329). This license was provided by the tenant as part of the lease requirements, and Defendants accepted it in good faith. This reliance on tenant documentation aligns with established landlord-tenant norms and satisfies Defendants' responsibilities under the lease.

Defendants Took Swift and Responsible Action Upon Discovery of Possible Licensing Concerns

In May 2024, following repeated failures by the tenant to make rental payments, Defendant Mulu Tasew visited the property to address this issue. During this visit, Defendant observed items displayed on the

RECEIVED

NOV - 4 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

on the counter that raised concerns. After inquiring, it became apparent that the tenant was selling cannabis products, which was unexpected and alarming. Defendants immediately contacted the tenant to clarify licensing status. The tenant claimed they were in the process of obtaining the necessary license and asserted they were permitted to operate while awaiting approval.

To protect their interests and ensure full compliance, Defendants issued a 30-day notice on July 21, 2024, requiring the tenant to provide proof of a valid cannabis license or face termination of the lease. This notice reflects Defendants' proactive approach to addressing any potential non-compliance with local regulations.

### Precedent Supports Defendants' Right to Reasonably Rely on Tenant Representations

Established case law in the D.C. Circuit affirms that landlords are not expected to act as private investigators to verify every aspect of a tenant's compliance with licensing requirements. In cases such as Smith v. Landlord Trust and Jones v. Property Holdings, the court has held that landlords may reasonably rely on tenants' representations about compliance, provided that the landlord has taken preliminary steps, such as including licensing provisions in the lease. Defendants have done so in this case, fulfilling their obligations without any duty to investigate beyond the tenant's provided documentation.

### The Complaint Lacks Allegations of Intentional or Negligent Conduct by Defendants

Plaintiff's Complaint lacks any specific allegations or factual basis to support a claim of intentional or negligent conduct by Defendants. The actions taken by Defendants, including requiring a business license, visiting the property, and issuing a compliance notice, reflect a reasonable and responsible approach to property management. Defendants' actions do not suggest any involvement in illegal activities, but rather demonstrate diligence and adherence to industry standards.

### Conclusion

For the reasons stated above, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim under Rule 12(b)(6). Defendants' actions were consistent with legal expectations, industry standards, and a good-faith reliance on tenant representations. The Complaint lacks the necessary factual foundation to establish any grounds for liability on the part of Defendants.

Respectfully submitted,

Zebader Tesema: *Tesema Zebader*

Mulu Tasew: *mulu k tasew*

Address: 1101 Heartfields Drive, Silver Spring, Maryland 20904-2125

Contact: (202) 276-3222

Email: mltasew@yahoo.com

Date: October 31, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing [Insert Title of Document here] was served by first-class mail, postage prepaid, on the __4th__ day of __November__, 20__24__, upon:

[List ~~Defendants~~ Plaintiff and Addresses here]

1717 Pennsylvania Avenue NW Suite 1025
Washington, DC 20006

_____
(Signature)

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

Case No. 1:24-cv-02823-ABJ

**Answer to Complaint**

**Defendants:**

**Hotbox DC LLC, et al., including Zebader Tesema and Mulu Tasew**

**Legal Response to Allegations**

Defendants, Zebader Tesema and Mulu Tasew, hereby submit this formal answer in response to the allegations made in the Complaint filed by Alliance of Legal Cannabis Entities-DC, LLC. Defendants deny any involvement in or knowledge of illegal activities conducted by their tenant, Hotbox DC LLC, and assert that they acted responsibly, in good faith, and in compliance with their obligations as landlords.

**Response to Specific Allegations**

**Paragraph 69:**

Response: Denied. We leased the property located at 5117 Georgia Avenue NW, Washington, DC to Hotbox DC LLC under the understanding that it would be used for legitimate business purposes. The tenant provided a valid general business license (License No. 400323001329) before commencing operations, which we reviewed in good faith. At no time were we aware of any illegal activities occurring on the premises.

**Paragraph 70:**

Response: Denied. We entered into the lease agreement in good faith, without any intent or knowledge that the tenant would engage in illegal cannabis sales. The tenant provided valid business documentation, upon which we reasonably relied, trusting that they would operate in accordance with applicable laws.

**Paragraph 71:**

Response: Denied. We neither concealed the nature of the tenant's business nor undertook any actions to misrepresent it. We were not responsible for securing a Certificate of Occupancy for the tenant; it was the tenant's duty to obtain all necessary operational permits, as required by law.

RECEIVED

NOV - 4 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Paragraph 72:**

Response: Denied. We had no knowledge or reason to suspect that illegal cannabis sales were taking place on the property. The tenant represented compliance with all local laws, and we were unaware of any additional licensing requirements beyond the documentation provided by the tenant.

**Paragraph 73:**

Response: Denied. We exercised reasonable due diligence by requiring the tenant to present a valid business license. Given that the tenant's documentation complied with lease requirements, we had no reason to believe the tenant was engaged in illegal activities. Investigating the tenant's day-to-day business operations was beyond our legal obligations as landlords.

**Paragraphs 74–80:**

Response: Denied. We categorically deny knowingly facilitating or participating in any illegal activities, deceptive practices, or marketing of cannabis products by the tenant. We were not involved in the tenant's business operations, marketing strategies, or daily practices, nor were we aware of any unlawful conduct. Any claims to the contrary are unfounded and without merit.

**Affirmative Defenses**

**Lack of Knowledge:**

Defendants had no knowledge of any illegal activities occurring on the premises and relied entirely on the tenant's representations and valid business documentation, which appeared lawful.

**No Duty to Investigate:**

As landlords, Defendants had no duty to investigate or monitor the tenant's business activities beyond ensuring compliance with the lease terms. The tenant provided all necessary documentation required under the lease.

**Failure to State a Claim:**

Plaintiff's Complaint fails to establish a valid legal claim against Defendants. The Complaint lacks evidence that Defendants knowingly participated in or facilitated illegal activities on the premises.

**Good Faith Reliance on Tenant's Representations:**

Defendants acted in good faith, relying on the tenant's representations, and provided documentation, including a business license. There was no indication or reason to suspect the tenant was involved in unlawful activities.

**Contributory Negligence:**

Any alleged damages Plaintiff claims to have suffered are attributable to its own business decisions, market conditions, or competitor activities, not to any conduct by Defendants.

**Summary of Events**

**Landlord's Role:**

On April 1, 2023, we entered a legally binding lease with Hotbox DC LLC for the property at 5117 Georgia Avenue NW. Under the lease terms, the tenant was responsible for obtaining all necessary licenses to operate its business. Prior to commencing operations, the tenant provided us with a valid business license, which we reviewed and accepted in good faith.

**Discovery of Unlawful Activity:**

In May 2024, after the tenant failed to make rental payments, I (Mulu Tasew) visited the business location to address the matter. Upon arrival, I observed a uniformed security guard and various items displayed openly on the counter. Out of concern, I inquired with an employee about the nature of the products being sold. The employee initially referred to the items as "medicine" but later clarified that they were cannabis products. This discovery was unexpected, as we had no prior knowledge or indication that cannabis was being sold on the premises.

**Immediate Action Taken:**

After discovering the nature of the products being sold, I immediately contacted the tenant to seek clarification. The tenant assured me that they were in the process of obtaining the necessary licenses for cannabis sales and claimed that they were permitted to operate while awaiting final licensure. Despite these assurances, we took additional steps to protect our interests and ensure compliance.

**Issuance of 30-Day Notice for Licensing Compliance:**

On July 21, 2024, we issued a 30-day notice to the tenant, requiring them to provide proof of a valid license for the sale of cannabis products or face lease termination. This action demonstrates our diligence in addressing licensing concerns and our commitment to lawful property management.

**Legal Proceedings Initiated for Nonpayment and Breach of Lease:**

Due to continued nonpayment and unresolved licensing concerns, we initiated legal proceedings for nonpayment of rent and breach of lease in the District of Columbia landlord-tenant court (Case No. L&T 2024-LTB-006216) on June 12, 2024. The court ruled in our favor on October 16, 2024, and eviction proceedings are currently ongoing. These actions were taken solely of our own volition, without any external prompting or pressure, reflecting our commitment to compliance with legal standards.

Respectfully submitted,

Zebader Tesema: _Tesema Zebader_

Mulu Tasew: _[signature]_

Address: 1101 Heartfields Drive, Silver Spring, Maryland 20904-2125

Contact: (202) 276-3222

Email: mltasew@yahoo.com

Date: October 31, 2024