**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MALLIOS REALTY LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 24 - 2756 (LLA) |
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HOTBOX DC LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 24 - 2823 (LLA) |
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRS LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 24 - 2889 (LLA) |

| | |
|---|---|
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>KHOPKINS LLC, *et al.*,<br><br>   *Defendants*. | Civil Action No. 24 - 2961 (LLA) |
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>POWER OF PLANTS LLC, *et al.*,<br><br>   *Defendants*. | Civil Action No. 24 - 3332 (LLA) |
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>1314 9TH STREET, LLC, *et al.*,<br><br>   *Defendants*. | Civil Action No. 24 - 3416 (LLA) |

| | |
|---|---|
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SADC LLC, *et al.*,<br><br>    *Defendants*. | Civil Action No. 24 - 3501 (LLA) |
| ALLIANCE OF LEGAL CANNABIS ENTITIES-DC, LLC,,<br><br>    *Plaintiff*,<br><br>v.<br><br>SMOKE SHOP INC., *et al.*,<br><br>    *Defendants*. | Civil Action No. 24 - 3603 (LLA) |

## **ORDER**

In September 2024, Plaintiffs Alliance of Legal Cannabis Entities-DC, LLC ("ALCE") and DC Holistic Wellness Group LLC filed *Alliance of Legal Cannabis Entities-DC, LLC v. Mallios Realty LLC* ("*ALCE I*"), No. 24-CV-2756. Over the next three months, both Plaintiffs, represented by the same counsel, filed six other cases. *Alliance of Legal Cannabis Entities-DC, LLC v. Hotbox DC LLC* ("*ALCE II*"), No. 24-CV-2823; *Alliance of Legal Cannabis Entities-DC, LLC v. KRS LLC* ("*ALCE III*"), No. 24-CV-2889; *Alliance of Legal Cannabis Entities-DC, LLC v. Khopkins LLC* ("*ALCE IV*"), No. 24-CV-2961; *Alliance of Legal Cannabis Entities-DC, LLC v. Power of Plants LLC* ("*ALCE V*"), No. 24-CV-3332; *Alliance of Legal Cannabis Entities-DC, LLC v. 1314 9th Street, LLC* ("*ALCE VI*"), No. 24-CV-3416; *Alliance of Legal Cannabis Entities-DC, LLC v.*

3

*SADC LLC* ("*ALCE VII*"), No. 24-CV-3501.  ALCE, represented by the same counsel, filed another case in December 2024. *Alliance of Legal Cannabis Entities-DC, LLC v. Smoke Shop Inc.* ("*ALCE VIII*"), No. 24-CV-3603.[1]

In each of the eight cases ("the *ALCE* cases"), ALCE has sued groups of so-called "Dispensary Defendants," who have allegedly sold unlicensed cannabis in the District of Columbia, and "Property Owner Defendants," who have purportedly leased commercial space to the cannabis dispensaries.  *ALCE I*, No. 24-CV-2756, ECF No. 28, at 6-7; *ALCE II*, No. 24-CV-2823, ECF No. 28, at 5-6; *ALCE III*, No. 24-CV-2889, ECF No. 19, at 7-8; *ALCE IV*, No. 24-CV-2961, ECF No. 14, at 8-10; *ALCE V*, No. 24-CV-3332, ECF No. 26, at 7-9; *ALCE VI*, No. 24-CV-3416, ECF No. 21, at 8-10; *ALCE VII*, No. 24-CV-3501, ECF No. 19, at 8-9; *ALCE VIII*, No. 24-CV-3603, ECF No. 1, at 4-5.  ALCE brings identical causes of action in all eight cases: (1) unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, against the Dispensary Defendants; (2) unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act against the Property Owner Defendants; (3) false advertising and promotion in violation of Section 43(a)(1)(B) of the Lanham Act against the Dispensary Defendants; (4) false advertising and promotion in violation of Section 43(a)(1)(B) of the Lanham Act against the Property Owner Defendants; (5) unfair competition and false advertising under District of Columbia common law against all Defendants; (6) negligence under District of Columbia common law against the Dispensary Defendants; and (7) negligence under District of Columbia common law against the Property Owner Defendants.  *ALCE I*, No. 24-CV-2756, ECF No. 28 ¶¶ 223-310; *ALCE II*, No. 24-CV-2823, ECF No. 28 ¶¶ 229-316;

---

[1] The court will refer to ALCE as the Plaintiff for all eight *ALCE* cases, but DC Holistic Wellness Group has joined in the first seven.

4

*ALCE III*, No. 24-CV-2889, ECF No. 19 ¶¶ 283-371; *ALCE IV*, No. 24-CV-2961, ECF No. 14 ¶¶ 300-388; *ALCE V*, No. 24-CV-3332, ECF No. 26 ¶¶ 287-375; *ALCE VI*, No. 24-CV-3416, ECF No. 21 ¶¶ 271-359; *ALCE VII*, No. 24-CV-3501, ECF No. 19 ¶¶ 288-376; *ALCE VIII*, No. 24-CV-3603, ECF No. 1 ¶¶ 310-399.  And ALCE seeks nearly identical relief against all Defendants: an injunction requiring the Dispensary Defendants to cease and desist the purchase and sale of unlicensed cannabis, an injunction requiring the Property Owner Defendants to evict any Dispensary Defendants who do not obtain a license for selling cannabis, disgorgement of all Defendants' profits, and costs and fees.[2]  *ALCE I*, No. 24-CV-2756, ECF No. 28, at 97-101; *ALCE II*, No. 24-CV-2823, ECF No. 28, at 94-97; *ALCE III*, No. 24-CV-2889, ECF No. 19, at 116-19; *ALCE IV*, No. 24-CV-2961, ECF No. 14, at 119-23; *ALCE V*, No. 24-CV-3332, ECF No. 26, at 113-17; *ALCE VI*, No. 24-CV-3416, ECF No. 21, at 116-20; *ALCE VII*, No. 24-CV-3501, ECF No. 19, at 115-19; *ALCE VIII*, No. 24-CV-3603, ECF No. 1, at 109-12.

The court issued a show cause order in October 2024 directing ALCE to establish why *ALCE II* and *ALCE III* should not be consolidated with *ALCE I*.  Oct. 8, 2024 Minute Order, *ALCE II*, No. 24-CV-2823; Oct. 18, 2024 Minute Order, *ALCE III*, No. 24-CV-2889.  In response, ALCE requested that the court not consolidate the cases and explained that it had filed individual complaints based on the Dispensary Defendants' geographic locations across the District.  *ALCE II*, No. 24-CV-2823, ECF No. 11, at 2-3; *ALCE III*, No. 24-CV-2889, ECF No. 4, at 2-3.  Based on ALCE's response, the court declined to consolidate the cases, but it ordered that the cases be stayed while ALCE filed its remaining actions.  *See* Oct. 28, 2024 Minute Order, *ALCE II*,

---

[2] In many of the cases, ALCE also seeks to pierce the corporate veil of certain Defendants. *ALCE I*, No. 24-CV-2756, ECF No. 28, at 100-01; *ALCE III*, No. 24-CV-2889, ECF No. 19, at 119; *ALCE IV*, No. 24-CV-2961, ECF No. 14, at 122; *ALCE V*, No. 24-CV-3332, ECF No. 26, at 116-17; *ALCE VII*, No. 24-CV-3501, ECF No. 19, at 119; *ALCE VIII*, No. 24-CV-3603, ECF No. 1, at 112.

No. 24-CV-2823; Oct. 28, 2024 Minute Order, *ALCE III*, No. 24-CV-2889. ALCE then filed five more cases over the next two months.

In April 2025, ALCE filed a motion to lift the stay, consolidate the cases for purposes of briefing and a decision on any motions to dismiss, establish procedures and a briefing schedule for Rule 12(b) motions, and extend the time for seeking class certification and serving additional summonses. *ALCE I*, No. 24-CV-2756, ECF No. 37; *ALCE II*, No. 24-CV-2823, ECF No. 29; *ALCE III*, No. 24-CV-2889, ECF No. 26; *ALCE IV*, No. 24-CV-2961, ECF No. 19; *ALCE V*, No. 24-CV-3332, ECF No. 32; *ALCE VI*, No. 24-CV-3416, ECF No. 22; *ALCE VII*, No. 24-CV-3501, ECF No. 20; *ALCE VIII*, No. 24-CV-3603, ECF No. 40. Several Defendants filed responses disputing various case-management requests and opposing consolidation, either outright or for any purpose other than Rule 12 motions practice. *ALCE I*, No. 24-CV-2756, ECF No. 39 (arguing that consolidation for briefing would create confusion and increase litigation costs); *ALCE III*, No. 24-CV-2889, ECF Nos. 27 to 29 (opposing standardized summary argument sections for briefs and limitations on the number of motions to dismiss, but not opposing consolidation for briefing motions to dismiss); *ALCE IV*, No. 24-CV-2961, ECF No. 21 (agreeing to consolidate for motions practice but opposing further consolidation and several of ALCE's case-management requests); *ALCE V*, No. 24-CV-3332, ECF Nos. 33 to 38 (raising objections to ALCE's procedural requests, with some Defendants opposing any consolidation and others conceding it would be appropriate for briefing and deciding Rule 12 motions); *ALCE VIII*, No. 24-CV-3603, ECF No. 41 (opposing consolidation for any reason). The court granted ALCE's motion to lift the stay but denied the motion in all other respects, and it relieved all Defendants of any obligation to respond to the operative complaint until further order of the court. *ALCE I*, No. 24-CV-2756, ECF No. 40; *ALCE II*, No. 24-CV-2823, ECF No. 30; *ALCE III*,

No. 24-CV-2889, ECF No. 32; *ALCE IV*, No. 24-CV-2961, ECF No. 22; *ALCE V*, No. 24-CV-3332, ECF No. 40; *ALCE VI*, No. 24-CV-3416, ECF No. 23; *ALCE VII*, No. 24-CV-3501, ECF No. 21; *ALCE VIII*, No. 24-CV-3603, ECF No. 42.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  When determining whether to consolidate cases, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).  "[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts."  *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009).

The causes of action in all eight *ALCE* cases raise the same legal questions: whether Defendants have engaged in unfair competition and false advertising under the Lanham Act and District of Columbia common law, and whether they were negligent under District of Columbia common law.  *ALCE I*, No. 24-CV-2756, ECF No. 28 ¶¶ 223-310; *ALCE II*, No. 24-CV-2823, ECF No. 28 ¶¶ 229-316; *ALCE III*, No. 24-CV-2889, ECF No. 19 ¶¶ 283-371; *ALCE IV*, No. 24-CV-2961, ECF No. 14 ¶¶ 300-388; *ALCE V*, No. 24-CV-3332, ECF No. 26 ¶¶ 287-375; *ALCE VI*, No. 24-CV-3416, ECF No. 21 ¶¶ 271-359; *ALCE VII*, No. 24-CV-3501, ECF No. 19 ¶¶ 288-376; *ALCE VIII*, No. 24-CV-3603, ECF No. 1 ¶¶ 310-399.  While ALCE's claims against each individual Defendant may eventually require the court to resolve different factual questions—for the Dispensary Defendants, specific acts concerning the sale and advertising of unlicensed cannabis, and for the Property Owner Defendants, individual commercial leases signed with the Dispensary Defendants—that is equally true *within* the eight *ALCE* cases as it is *across* them.  And,

notwithstanding any factual differences, it appears reasonably likely that there may be some overlap in the witnesses who are relevant to each case. At the same time, the court is sympathetic to the concerns raised by several Defendants, especially those concerning litigation costs and the ability for each Defendant to fully mount a defense.

For several reasons, the court finds that consolidating all eight *ALCE* cases for joint briefing of a single Rule 12 motion is the most judicially economical manner of proceeding in this litigation. The cases involve the same causes of action and therefore share common questions of law. Based on motions to dismiss already filed by several Defendants—which have been mooted by ALCE's subsequent filing of amended complaints—the court anticipates that Defendants may raise common grounds for dismissal. *See, e.g.*, Mem. to Mot. to Dismiss, *ALCE I*, No. 24-CV-2756, ECF No. 15, at 3-4 (arguing that ALCE lacks standing); Order, *ALCE I*, No. 24-CV-2756, ECF No. 40 (denying the motion to dismiss as moot); Mem. to Mot. to Dismiss, *ALCE V*, No. 24-CV-3332, ECF No. 16-1, at 4-7 (arguing that ALCE lacks standing); Order, *ALCE V*, No. 24-CV-3332, ECF No. 40 (denying the motion to dismiss as moot). "[C]onsiderations of convenience and economy," *Chang*, 217 F.R.D. at 265, strongly favor the court evaluating one motion to dismiss for these shared arguments, rather than resolving individual Rule 12 motions filed by any of the more-than-two-hundred remaining Defendants. Further, there is minimal likelihood of "confusion and prejudice." *Id.* ALCE has explained that it grouped certain Defendants into individual cases based on geographic proximity, and nothing about the court's consolidation for Rule 12 motions practice prevents it from keeping track of individual Defendants in that manner. And, while individual Defendants are justifiably concerned about litigation costs, they may benefit from full briefing on all dispositive issues that they wish to join.

8

Accordingly, it is hereby **ORDERED**:

1. All eight *ALCE* cases—*Alliance of Legal Cannabis Entities-DC, LLC v. Mallios Realty LLC*, No. 24-CV-2756; *Alliance of Legal Cannabis Entities-DC, LLC v. Hotbox DC LLC*, No. 24-CV-2823; *Alliance of Legal Cannabis Entities-DC, LLC v. KRS LLC*, No. 24-CV-2889; *Alliance of Legal Cannabis Entities-DC, LLC v. Khopkins LLC*, No. 24-CV-2961; *Alliance of Legal Cannabis Entities-DC, LLC v. Power of Plants LLC*, No. 24-CV-3332; *Alliance of Legal Cannabis Entities-DC, LLC v. 1314 9th Street, LLC*, No. 24-CV-3416; *Alliance of Legal Cannabis Entities-DC, LLC v. SADC LLC*, No. 24-CV-3501; and *Alliance of Legal Cannabis Entities-DC, LLC v. Smoke Shop Inc.*, No. 24-CV-3603—shall be consolidated for purposes of briefing and resolving a single Rule 12 motion to dismiss.

2. Until further order from this court, all filings shall include all case numbers and be filed on the docket for *Alliance of Legal Cannabis Entities-DC, LLC v. Mallios Realty LLC*, No. 24-CV-2756.

3. Plaintiffs in all eight *ALCE* cases shall file any remaining motions for default judgment on or before April 3, 2026.

4. Any Defendant requesting that the court set aside an order of default shall file a motion seeking relief on or before April 24, 2026.  Plaintiffs shall respond to any such motions on or before May 15, 2026.

5. Any Defendant opposing a motion for default judgment shall file its response to that motion on or before April 24, 2026.  Plaintiffs shall file any replies on or before May 15, 2026.

6. The court will entertain one joint Rule 12 motion from Defendants, one joint response brief from Plaintiffs, and one joint reply brief from Defendants.

7. All Defendants shall meet and confer regarding the Rule 12 motion and discuss the grounds on which they seek dismissal.  Defendants shall then meet and confer with Plaintiffs to propose a schedule and page limits for the Rule 12 briefing, and the parties shall file a joint status report on or before May 22, 2026 advising the court of the proposed briefing schedule and page limits.  For purposes of meeting and conferring, all parties should assume that any Defendant that has not been dismissed from the case will be permitted to join the Rule 12 motion.

8. Defendants shall file one joint Rule 12 motion that raises all Defendants' arguments. Defendants shall note in each ground for dismissal which Defendants join in the argument. To the extent that Defendants seek dismissal based on a common question of law but facts specific to an individual Defendant, Defendants shall include those arguments in one section, with factual subsections for the individual Defendants as necessary and one subsection for the legal argument.  To the extent that any Defendant seeks dismissal under Rule 12 on a ground that is shared by no other Defendant, Defendants shall include that argument at the end of the joint motion to dismiss.

9. No Defendant has an obligation to file an answer to the complaint until the court has issued a decision on the forthcoming Rule 12 motion.

10. The court will defer any decision about further consolidation of the cases and any briefing on class certification until after resolution of the forthcoming Rule 12 motion.

**SO ORDERED.**

_/s/ L. Alikhan_

LOREN L. ALIKHAN
United States District Judge

Date:   March 12, 2026